DONALD SIMMERING, by his next friend, JOHN H. SIMMERING, Appellee, v. RAY HUTT, Appellant.

No. 44621.

March 14, 1939.

Rehearing Denied June 23, 1939.

Morrison & Morrison, for appellee.

Gibson, Stewart & Garrett and S. W. Livingston, for appellant.

Richards, J.—The case of Rabenold v. Hutt, 226 Iowa 321, 283 N. W. 865, No. 44567 in this court, in which the opinion was filed February 14, 1939, Justice Sager speaking for the court, and the instant case, may be described as companion cases, in that the two alleged causes of action against the same defendant arose out of the same collision of two automobiles, and each of the two plaintiffs were riding in the front seat of the car that was being driven by one Koehler. In the two cases the first four assignments of error are identical, but not so is the evidence, as the cases were separately tried. However, the salient evidentiary matters that were determinative of the four assignments in the Rabenold case likewise appear in the record in the instant case, with the result that the holdings in the Rabenold case determine adversely to defendant his complaints found in the first four assignments of error in the instant case. Refraining from relating the factual situation which is substantially as already set out in the Rabenold case, we advert to assignments of error found only in the case at bar.

In assignment No. 5 defendant urges that the court erred in not submitting the issue of assumption of risk. We find, however, that in the trial court, in the motion for a new trial, defendant's complaint concerning assumption of risk was that the trial court should have instructed the jury that plaintiff had assumed the risk of any damages by reason of the collision involved in this action. That this complaint was ill founded

and was properly overruled by the trial court appears from the opinion in the Rabenold case, supra, where practically the same showing was made as to the fog and other surrounding circumstances. The trial court did however direct the jury, in determining whether there was contributory negligence, to give consideration to all the circumstances under which plaintiff was traveling on the highway at the time of the accident.

In the sixth assignment it is said the court erred in failing to sustain the motion for a directed verdict in that it appears from the evidence that plaintiff was not keeping a proper lookout. Defendant has not pointed out nor have we found any evidence pertinent to the question excepting that of plaintiff and his companions to the effect that plaintiff was at all times watching the road and its confines. There was no error in refusing to direct the jury to find plaintiff was negligent as a matter of law in respect to keeping a lookout.

The remaining assignments of error directed to certain instructions present questions here that were not raised nor passed upon in the trial court, and of course may not be considered. The judgment from which the appeal is taken is affirmed.—Affirmed.

MITCHELL, C. J., and STIGER, HAMILTON, OLIVER, HALE, SAGER, BLISS, and MILLER, JJ., concur.